UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARIE CANNES,

       Plaintiff,
vs.

NATIONAL CREDITORS CONNECTION, INC.

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, MARIE CANNES, by and through undersigned counsel, and brings this action against the Defendant, NATIONAL CREDITORS CONNECTION, INC. ("NCCI"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and Florida Statutes §§ 559.55-559.785, known more commonly as the Florida Consumer Collection Practices Act", ("FCCPA").

2. These laws prevent debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331.

4. Under 28 U.S.C. § 1367(a) this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in that Plaintiff is and was a resident Broward County, Florida where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. At all times material hereto, Defendant, NCCI was and is a corporation, incorporated under the laws of the State of California, duly licensed to transact business in the State of Florida, and has a principal address of 14 Orchard Rd. Ste. 100, Lake Forest, CA 92630.

7. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida and maintains her primary residence in Broward County, Florida.

8. At some point in time prior to the allegations contained herein, NCCI was hired to service or otherwise collect upon the subject loan.

9. At all times relevant to this Complaint, NCCI, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. §559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.55(1).

10. At all times material hereto, NCCI, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

11. At all times material hereto, NCCI regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12. At all times material hereto, NCCI, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

14. At all times relevant to this Complaint, Plaintiff was and is a natural person, and is a "consumer" as the term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Act.

15. At all times material hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statutes §559.55(1).

## FACTUAL ALLEGATIONS

16. On or about May 10, 2017, NCCI sent Plaintiff a letter, a copy being attached as "Exhibit A."

17. Pursuant to the letter, NCCI is collecting a debt on behalf of Consumer Portfolio Services, Inc. ("CPS").

18. "Exhibit A" states "The amount of the debt is $1,370.00."

19. Plaintiff received from CPS a "Billing Notice" with a statement date of May 10, 2017, claiming the principal balance of $9,997.07 and is attached as "Exhibit B."

20. Had Plaintiff paid $1,370 to NCCI she would still have a debt with CPS for the remaining balance of the debt as alleged in "Exhibit B."

21. NCCI's letter is misleading to the least sophisticated consumer in that it induces Plaintiff to believe that if they make one last small payment the debt would be paid off when in fact there would still remain a balance on the account to the original creditor.

## **COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)**

22. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

23. Defendant engaged in unfair and false acts and practices, in violation of 15 U.S.C. §1692e.

24. 15 U.S.C. §1692e(2) states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of – (A) the character, amount or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….

25. The amount of the debt is not $1,370.00.

26. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

27. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, wasting of Plaintiff's time, creating undo hope, depression and loss of enjoyment of life.

28. Plaintiff has hired The Law Offices of Shaya Markovic, P.A. to represent her in this action and has agreed to pay a reasonable attorney's fee.

29. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. 1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff, respectfully prays that judgment be entered against Defendant for statutory damages, actual damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

30. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

31. Florida Statutes §559.72(9) states: *In collecting consumer debts, no person shall:*

> *(9) Claim, attempt or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

32. To state a claim for a violation under §559.72(9) of the FCCPA, it must be alleged that the defendant asserted a legal right that did not exist and that the defendant had actual knowledge that the right did not exist. *Pollock v. Bay Area Credit Service, LLC, 2009* WL 2475167 at * 9 (S.D. Fla. Aug 13 2009). An allegation that an attempt to collect a debt in violation of state or deferral law is sufficient to state a claim that defendant asserted a legal right that did not exist. *Brook v. Suncoast Schools, FCU, 2012 WL 605199* at * 3 (M.D. Dec. 6, 2012) ( motion to dismiss denied where plaintiffs alleged that defendant asserted a legal right that did not exist when it attempted to collect a debt in violation of the Florida Deceptive and Unfair Trade Practices Act and the TCPA).

33. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FCCPA in that they attempted to collect a debt and asserted a legal right knowing such right did not exist.

34. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, wasting of Plaintiff's time, creating undo hope, depression and loss of enjoyment of life.

35. Plaintiff has hired The Law Offices of Shaya Markovic, P.A. to represent her in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for statutory damages, actual damages, along with costs and reasonable attorney's fees pursuant to §559.72(2), and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Marie Cannes, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Shaya Markovic
Shaya Markovic, Esq.
Florida Bar # 92858
Shaya@markoviclaw.com
*Attorney for Plaintiff*
Law Office of Shaya Markovic, P.A.
1221 South 21st Avenue
Hollywood, FL 33020
Telephone: 954-399-9850
Facsimile: 954-399-9854

# NOTICE

Date: 05/10/2017

From: NCCI 14 Orchard Road Suite 100, Lake Forest, CA. 92630 (949)461-7592

Re: Account Number.: ****3023

Marie Cannes
1900 Taylor St.
Hollywood, FL 33020

National Creditors Connection, Inc. ("NCCI") on behalf of Consumer Portfolio Services made or may have attempted to make contact with you to encourage you to contact them regarding the above referenced account. If you have not already done so please contact Consumer Portfolio Services to address the status of your account.

   (1) The amount of the debt is $1,370.00.*
      * Please note we were advised by Consumer Portfolio Services of the amount of the debt as of 05/10/2017, and it does not reflect recent payments, credits or other adjustments since that date. Please contact Consumer Portfolio Services to obtain the most up to date information.

   (2) The name of the creditor to whom the debt is owed is CONSUMER PORTFOLIO SERVICES.

   (3) Unless within thirty (30) days after receipt of this notice, you dispute the validity of the debt, or any portion of the debt, we will assume the debt to be valid.

   (4) If you notify us in writing, within thirty (30) days after receipt of this notice, that the debt, or any portion of the debt, is disputed, we will obtain verification of the debt or obtain a copy of a judgment against you, and mail you a copy of such verification or judgment.

   (5) If you notify us in writing, within thirty (30) days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Bankruptcy Notice: If you are currently in a bankruptcy proceeding or have received a discharge of the loan debt referenced above, this statement is being furnished for informational purposes only. It should not be construed as an attempt to collect against you personally. NCCI will take no steps to collect from you personally or against any collateral securing this loan, if applicable, while the bankruptcy's automatic stay remains in effect or if your liability on the debt has been discharged. If you are represented by an attorney, please provide this notice to your attorney.

STATE DISCLOSURES (if any): None

**THIS NOTICE IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

A

# BILLING NOTICE

**\*\*\* ACCOUNT PAST DUE \*\*\***

## CPS
**Consumer Portfolio Services, Inc.**
PO BOX 57071, IRVINE CA 92619-7071

### CUSTOMER INFORMATION

| | |
|---|---|
| ACCOUNT NO. ▶ | )3023 |
| BORROWERS ▶ | MARIE CANNES<br>1900 TAYLOR ST.<br>HOLLYWOOD, FL 33020 |
| COLLATERAL DESCRIPTION ▶ | 2005 AUDI A4 |

### BILLING SUMMARY

| | |
|---|---|
| STATEMENT DATE ▶ | 5/10/2017 |
| NEXT PAYMENT DATE ▶ | 3/1/2017 |
| REGULAR MONTHLY PAYMENT ▶ | $369.99 |
| AMOUNT PAST DUE ▶ | $869.93 |
| LATE / SERVICE FEES ▶ | $507.00 |
| TOTAL DUE ON NEXT PAYMENT DATE ▶ | $1,746.92 |
| PRINCIPAL BALANCE ▶ | $9,997.07 |

Please Call **1-888-469-4520** for your payoff amount. Your payoff amount is different than your principal balance, as the principal balance does not include interest.

**Send Regular Payments To:**
*Please do not send correspondence to this address*

Consumer Portfolio Services, Inc.
P.O. BOX 98757
PHOENIX AZ  85038-0757

**Send Payoff or Correspondence To:**

Consumer Portfolio Services, Inc.
PO BOX 57071
IRVINE CA  92619-7071

**Make Check Payable To: CPS AUTO REC TRUST 2013 - B**

A fee of up to $30.00 will be assessed on all Returned Checks.

---

**Visit us online at www.consumerportfolio.com to:**
- Text us your questions/comments at 66123.
- Make a payment with your check, debit card or credit card **(Additional fee may apply)**
- See prior statements
- See your payment history
- Get your payoff
- Change your mailing address
- See Fequently Asked Question

**Or Call us at 1-888-469-4520**

**THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
Credit Reporting Disputes: If you believe we reported incorrect or incomplete information about you, write us at:

Consumer Portfolio Services, Inc.
Attn: Credit Report Response Team
P.O. Box 57071
Irvine, CA 92619-7071

Please tell us why you believe it is incorrect or incomplete and provide any evidence you may have.

*Please see back for additional disclosures.*

---

For Proper Credit Please Return this Coupon in the Enclosed Envelope
## PAYMENT COUPON

## CPS
**Consumer Portfolio Services, Inc.**
PO BOX 57071, IRVINE CA 92619-7071


50000159315542

A fee of up to $30.00 will be assessed on all Returned Checks.

| | |
|---|---|
| ACCOUNT NO. ▶ | )3023 |
| REGULAR MONTHLY PAYMENT ▶ | $369.99 |
| AMOUNT PAST DUE ▶ | $869.93 |
| LATE / SERVICE FEES ▶ | $507.00 |
| TOTAL DUE ON NEXT PAYMENT DATE ▶ | $1,746.92 |

**PLEASE MAKE CHECK PAYMENT TO:**
**CPS AUTO REC TRUST 2013 - B**

\*\*\*\*\*\*\*\*\*\*ALL FOR AADC 331

MARIE CANNES
1900 TAYLOR ST.
HOLLYWOOD FL 33020


002532

Consumer Portfolio Services, Inc.
P.O. BOX 98757
PHOENIX AZ  85038-0757

00136930237 027573 500001593155420 4218 001746924

**B**